FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 12 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JOSE FERNANDO RIOS ECHEVERRI,

Defendant.

10-CR-698

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On December 17, 2011 Jose Fernando Rios Echeverri pleaded guilty to count one of a two-count indictment, which charged that on August 12, 2010, the defendant imported heroin into the United States in violation of 21 U.S.C. §§ 952(a) and 960 (a)(1).

Echeverri was sentenced on July 25, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-one and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. The calculation of the total offense level included deductions for defendant's minimal role in the offense and for his early acceptance of responsibility. The offense carried a maximum term of imprisonment of twenty years. 21 U.S.C. § 960 (b)(3). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met. A two-point deduction was applied. The guidelines range of fine was from $10,000 to $1,000,000. On the government's motion, count two was dismissed.

Echeverri was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C.

§ 3553(a) and *Booker*. *Cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Numerous letters submitted to the court by family members attested to defendant's good character. He is devoted to his seventeen-year old son who suffers from a congenital auditory impairment and requires regular medical attention. Prior to the instant case, Echeverri lived a law-abiding life. He appears highly intelligent, and he has a bachelor's degree. Commercially successful in his trade, for several years defendant owned and operated a catering business.

Echeverri's crime, importation of heroin, is a serious offense. Defendant's two trips made in furtherance of illegal conduct were aberrational given his previous conduct. He was under pressure to provide needed medical care for his son and acted against his best interests. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Defendant has been in custody since August 12, 2010. With good time credits, a sentence of one year and one day would have been served.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. Specific deterrence has been achieved through the impact defendant's incarceration has had on his family and his ability to care for his son over the past year. It is unlikely that he will engage in further criminal activity

3

in light of his strong commitment to his family, sincere expression of remorse, and the lengthy penalties he knows he will suffer if he commits a new crime and violates supervised release.

/s/ Jack B. Weinstein<br>
Jack B. Weinstein<br>
Senior United States District Judge

Dated: July 25, 2011
      Brooklyn, New York